CHOCK KEM *vs.* JONA. AUSTIN, Minister of Foreign Affairs.

MANDAMUS. BEFORE McCULLY, J.

DECISION RENDERED MAY 5, 1890. NOT HITHERTO REPORTED.

Sec. 6 of Chap. 28 of the Laws of 1887 requires the Minister of Foreign Affairs to issue a permit to land to a Chinese person coming within the descriptions in that section, although a permit might have been procured from a Hawaiian Consul at the port of embarkation.

This duty of the Minister being ministerial, the performance of it may be enforced by writ of mandamus.

## DECISION OF McCULLY, J.

The proceedings were by a petition upon which an alternative writ was issued, whereupon the respondent made a return with exhibits. Upon these papers the case was argued and submitted.

The petition is as follows :

### PETITION.

Your petitioner, Chock Kem, respectfully represents unto Your Honor the following :

1. That he was born in China, but has resided for the past six years in Honolulu, Oahu, and his occupation is managing clerk for the firm of Kwong Hip Lung & Co., of said Honolulu.

2. That on the, to wit, 27th day of April, 1890, there arrived in the port of Honolulu, on the ship *Tillie Baker*, one Ah Sung, a Chinese boy, the son of petitioner; said Ah Sung having been born in the state or district of Hong Sau, in the province of Quong Tun, China, in the fourth year of the reign of Kong Si, the second moon, and the fifth day, and is consequently thirteen years of age.

3. That Jonathan Austin, Esq., is His Majesty's Minister of Foreign Affairs, and as such was applied to by your petitioner on the, to wit, 29th day of April, 1890, to grant a permit to the said Ah Sung to land from the said ship, and enter the Kingdom, under Section 6, Chapter 28, Laws of 1887.

4. That, as your petitioner is informed and believes, the said Ah Sung is entitled under the said law to a permit to enter the Kingdom; and that, as petitioner is also informed and believes, it is the duty of the said Minister to grant such permit.

5. But petitioner says that the said Minister has refused and still refuses to grant such permit as aforesaid, contrary to the provisions of said above-mentioned law.

6. And petitioner is informed and believes that the ordinary forms of law make no provision for remedying the wrong inflicted upon him by the said Minister as aforesaid.

7. Wherefore your petitioner prays that a writ of mandamus may issue out of and under the seal of the Honorable Court, directed to the said Jonathan Austin, Minister of Foreign Affairs, commanding and enjoining him to grant a permit to your petitioner's said son, Ah Sung, to enter the Kingdom, or to show cause before this Court, at a day and hour to be fixed, why he should not grant such permit; and that petitioner may have such other relief as justice demands, including the costs of these proceedings.

---

The Return with exhibits is as follows:

RETURN.

And now comes Jonathan Austin, Minister of Foreign Affairs, as aforesaid, and for return to the alternative writ of manda-

mus issued to him in the above entitled cause on the 30th day of April ult., respectfully represents unto the Court as follows :

1. He admits the arrival at Honolulu of the vessel *Tillie Baker*, and the presence on said vessel of the boy Ah Sung, as stated in the petition and writ herein.

2. He admits that he has refused to grant a permit for the said Ah Sung to enter the Kingdom, and still refuses so to do.

3. He alleges that the application to this respondent to issue such permit was conveyed in a letter, a copy of which is hereto annexed, marked exhibit "A," and the reasons for respondent's refusal to issue the same were and are those set forth in respondent's reply to said application contained in a letter from respondent to said relator, a copy of which is hereto annexed, marked exhibit "B."

4. Wherefore the respondent submits to the Court that if said Ah Sung was entitled to a permit to enter this Kingdom he could and should have obtained such permit from His Majesty's Consul-General in Hongkong, and that not having so obtained said permit there is no obligation upon the respondent at this time to issue such permit.

EXHIBIT A.,

HONOLULU, April 29, 1890.

To His Excellency Jonathan Austin, H. M. Minister of Foreign Affairs.

SIR :—The undersigned, Chock Kem, Managing clerk of the firm of Kwong Hip Lung on Hotel street, Honolulu, Oahu, H. I., who has been resident in the Hawaiian Islands for the past (6) six years, hereby respectfully requests a permit for his son Ah Sung to enter into the Kingdom. Said Ah Sung is now on board the American ship Tillie Baker, lying in Honolulu harbor, having arrived from Hongkong on said ship on to wit, the 27th instant. This application is made under Section 6, Chapter XXVIII., Laws of 1887.

The said Ah Sung was born in the town of Hong Sau, Province of Quong Tun, in China in the 4th year of Kong See Emperor, on the 5th day of the second moon, and is conse-

quently 13 years of age. He has been in China with his relatives in order to receive his education, and it is now the wish of the undersigned that he join his family as aforesaid.

I remain,

Your obedient servant,

CHOCK KEM.

Executed in the presence of C. S. Akim.

EXHIBIT B.,

DEPARTMENT OF FOREIGN AFFAIRS,
HONOLULU, April 29, 1890.

Mr. Chock Kem, Honolulu.

SIR :—I have the honor to acknowledge the receipt of your letter of this date making application for permit for your son Ah Sung to enter the Kingdom.

In reply, I beg to state that if Ah Sung is entitled to a permit he should present proof of that fact to His Majesty's Consul-General at Hongkong. Since he was born in China it should be a simple matter to produce at Hongkong the record and proof of the date and place of his birth, while no record showing those facts is available in this Kingdom.

I have the honor to be, Sir,

Your most obedient servant,

JONATHAN AUSTIN,

Minister of Foreign Affairs.

The Statute upon which this case is based is Section 6 of the Act to Regulate Chinese Immigration, Chapter 28 of the Laws of 1887, viz.:

" Permits to enter the Kingdom shall also be granted by the Minister of Foreign Affairs, His Majesty's Consuls-General at Hongkong and San Francisco, and His Majesty's Consul or Commercial Agent at Shanghae, to any Chinese woman of good moral character, or to the wives of Cninese residents in the Kingdom, and to Chinese children under fourteen years of age whose parents are residing in the Kingdom, or who accompany their parents, and to families consisting of parents and children as aforesaid ; no charge will be made for permits granted hereunder."

## By the Court.

Upon the pleadings and the Statute what is the petitioner entitled to on behalf of the Chinaman Ah Sung, now detained on board the ship *Tillie Baker?* The petition alleges that he, having been born in the fourth year of the reign of Kong Si, the second moon and the fifth day, is consequently thirteen years of age now. This allegation is not traversed in the return nor is it, as being neither admitted nor denied, thrown upon the petitioner to prove it, and is therefore taken to be true. But it is said for the respondent that the Court can take no notice of a date fixed by the Calendar of the Emperor of China. It is true, and I do not ; I omit the "consequently" and take the sworn statement of the father that his son is thirteen years of age. But it is further said that the allegation that he is thirteen years old is not equivalent to saying that he is "under fourteen years of age." The form of words used does not satisfy me; at the same time the declaration that he is thirteen years of age imports in common usage that he is not fourteen, and can only be used seriously in any other sense but with a direct intention to deceive—I will not presume that. The petitioner swears that he is the father of Ah Sung, and that he is a resident in the Kingdom, and this is not traversed. But it is said for the respondent that it is " parents," that is, both the father and mother of a child, resident here, to whom the statute applies, and that the conditions are not complete when, so far as appears in this case, there is only a father resident here. I do not read the statute as requiring this construction. It speaks of " wives of Chinese residents," when it is presumable that it intended the wife of a Chinese resident, and of "children" when we must suppose a child is intended, in a case where there is only one child to be permitted to land. So " parents " is used in the plural as applying to plural instance and not prescribing that there shall be two parents in a single instance. Moreover, it is the father who makes the application in this case, the head of the family. The *ratio legis*, the reason or purpose of the law, is evidently to promote the union or re-union of the family, and the construction here given is in consonance with that reason.

Ah Sung coming within the prescriptions of the age and of having parents resident here, the reason assigned by the respondent in his letter above for refusing a permit is to be considered, namely, that he could have obtained a permit from His Majesty's Consul-General at Hongkong. But the statute equally empowers the respondent to issue a permit. He assigns the ground that at Hongkong the record of his birth might be produced. It does not appear that there are official records kept in the various provinces of China of the dates of birth of children, or that a certificate from such record could be produced before the 'Consul-General at Hongkong, and the statute does not prescribe that kind of proof and exclude the proof of the oath of the parent, which is given in this case. If the statute gives the power to issue the permit to the Minister of Foreign Affairs, as well as to consuls abroad, why should he not exercise it? Why might not the Consul-General with equal reason decline to give the permit because another could grant it, to wit, the Minister of Foreign Affairs, and with the reason besides that as the boy was proceeding to join his father at Honolulu, his father could better show there that he was a Chinese resident of this Kingdom and that his son was under fourteen years of age. I think there can be but one answer to these questions; the answer in favor of the petitioner.

What is asked of the Minister, this respondent, to do, is a ministerial act, pure and simple. There is no discretion vested in him to give or refuse the permit when the subject of the application comes within the description of the law. It follows, therefore, upon well-settled principles that it is within the jurisdiction of the Court to issue its mandate that the act be performed.

If this intimation shall be sufficient, the writ of mandamus absolute will not be issued to-day.

*V. V. Ashford,* for petitioner.

*C. W. Ashford, Attorney-General,* for respondent.